IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  11-cv-03333-WYD-KLM

THE ROBERT W. THOMAS AND ANNE MCDONALD THOMAS REVOCABLE TRUST, Trust Domiciled in the State of Washington,

    Plaintiff,

v.

INLAND PACIFIC COLORADO, LLC, a Nevada limited liability company;
FIRST WESTERN TRUST BANK, a Colorado company,
WESTMINSTER PROMENADE DEVELOPMENT COMPANY II, LLC, a Nevada limited liability company, and TIMOTHY O'BYRNE, resident of Colorado.

    Defendants.

---

## ORDER ON MOTION TO DISMISS

---

I.    <u>INTRODUCTION</u>

This case concerns a real estate transaction between Plaintiff the Robert W. Thomas and Anne McDonald Thomas Revocable Trust ["the Trust"] and the Defendants.  The Amended Complaint alleges that on May 16, 2008, Inland Pacific Colorado, LLC ["IPC"] and the Trust entered into an agreement for sale of property, then owned by the Trust, for $2,106,321.  (Am. Compl. ¶ 8.)  Part of the price was paid in cash, the balance via a Promissory Note in the amount of $1 million dated May 15, 2008 [the "Note"].  (*Id.*)  The Note was part of the consideration for the sale, and it was agreed that the Note would be secured by a Deed of Trust granting the Trust Rights in the Property.  (*Id.*)  The Note was executed by IPC through its President and CEO, Timothy O'Byrne ["O'Byrne"].  (*Id.* ¶ 12.)

Under the Agreement of Purchase and Sale, the Trust agreed to transfer the Property to IPC "or Buyer's 1031 exchange assignee" and to cooperate in executing such additional documents (not specifically identified) as might be necessary to facilitate the 1031 Exchange. (Am. Compl. ¶¶ 8, 10.) The Trust alleges that "[o]n information and belief, as part of the 1031 Exchange, IPC entered into an Assignment Agreement transferring all its "rights, but not its obligations" in the Property to an intermediary, First American Exchange Company, LLC." (*Id.* ¶ 11.) The intermediary, the Trust, and IPC all signed the Assignment Agreement. (*Id.*) The intermediary agreed that a separate entity— Westminster Promenade Development Company II, LLC's ["WPDC"]—would take title to the Property. *Id.* WPDC is owned by IPC, its sole member. (*Id.*) The sale closed on June 5, 2008, and the Note was due on May 14, 2010. (*Id.*) At the instruction of O'Byrne, and pursuant to its obligation to cooperate in the 1031 Exchange, the Trust deeded the Property to WPDC, not to IPC. (*Id.* ¶ 14.)

Defendants defaulted on May 14, 2010, but made a partial interest payment on or about May 19, 2010. (Am. Compl. ¶ 20.) No additional interest or principal payments have been made. (*Id.*) The Trust filed its Complaint on December 20, 2011, asserting claims of breach of contract and unjust enrichment arising from the default on the Note.

On February 9, 2012, IPC and WPDC [collectively "Defendants"] filed a Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1) and F.R.C.P. 12(b)(6). A response was filed on March 6 and a reply was filed on March 19, 2012. The motion seeks to dismiss the case on the basis that the Trust failed to meet its burden to establish that complete

diversity exists in this case, as it failed to plead the residency of each member of IPC and WPDC. Alternatively, the motion seeks to dismiss the unjust enrichment claim.

After the Motion to Dismiss was fully briefed, the Trust filed a First Amended Complaint for Reformation of Deed of Trust and Enforcement and Collection of Promissory Note. I issued a Minute Order on April 5, 2012, that asked the parties to address how, if at all, the First Amended Complaint impacted the Motion to Dismiss.

On April 6, 2012, the Trust filed a Statement in Response to the Court's Minute Order, asserting that the Amended Complaint renders moot two issues in the motion. First, the Trust asserts that the Amended Complaint cures any arguable basis for challenging subject matter jurisdiction. Additionally, it moots the argument that the unjust enrichment claim is barred because a contract exists between the parties, as the Trust asserts that the equitable unjust enrichment claim is pled in the alternative to its claim for breach of contract.

On April 16, 2012, Defendants filed a Statement responding to the Court's Minute Order. Defendants agree with the Trust that the issue of lack of subject matter jurisdiction is moot based on the Amended Complaint, and withdraw that argument. However, Defendants assert that the Amended Complaint does not impact the portion of their motion that seeks to dismiss the unjust enrichment claim.

II.     ANALYSIS

    A.     Alleged Lack of Diversity Jurisdiction

I first agree with the parties that the portion of Defendants' motion that seeks to dismiss the case on the basis that the Trust failed to meet its burden of establishing the

existence of diversity jurisdiction should be denied as moot based on the filing of the First Amended Complaint. While the original Complaint did not plead the residency of each member of IPC and WPDC, the First Amended Complaint alleges that no member of either IPC or WPDC is a resident of the state of Washington. (First Am. Compl., ¶¶ 2, 4.) Since the Trust is a Washington state resident and none of the Defendants or their members are residents of that state, complete diversity jurisdiction has been pled.

    B.    <u>The Unjust Enrichment Claim</u>

        1.    <u>Standard of Review</u>

Defendants seek to dismiss the unjust enrichment claim pursuant to Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, the court must "accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Jordan-Arapahoe, LLP v. Bd. of County Comm'rs of County of Arapahoe*, 633 F.3d 1022, 1025 (10th Cir. 2011).

To survive a motion to dismiss under this Rule, "a plaintiff must allege that 'enough factual matter, taken as true, [makes] his claim for relief ... plausible on its face.'" *Jordan-Arapahoe, LLP*,. 633 F.3d at 1025 (quotation and internal quotation marks omitted). "A claim has facial plausibility when the [pleaded] factual content [ ] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1940 (2009). Plaintiff "must include enough facts to 'nudge[] [his] claims across the line from conceivable to plausible.'" *Dennis v. Watco Cos., Inc.*, 631 F.3d 1303, 1305 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory

allegations are not sufficient to survive a motion to dismiss. *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).

        2.      Analysis of Defendants' Arguments

Defendants seek to dismiss the unjust enrichment claim on the basis that it is barred by the three-year statute of limitations. Alternatively, they seek to dismiss the unjust enrichment against IPC for two reasons: (1) IPC was not enriched in any way, and (2) the alleged agreement between the parties bars a claim for unjust enrichment.

        a.      Statute of Limitations.

I first address Defendants' argument that the unjust enrichment claim is barred by the three-year statute of limitations applicable to contracts. Defendants cite to *Luttgen v. Fischer,* 107 P.3d 1152, 1157 (Colo. App. 2005) and Colo. Rev. Stat. § 13-80-101(1)(a). Defendants assert that this claim is barred by the three-year limitations period because the Note that forms the basis of the unjust enrichment claim was entered into on May 15, 2008, and this case was filed more than three years later, on December 20, 2011. I find that the Motion to Dismiss should be denied on this ground.

First, it appears that regardless of which limitations period applies, the case was timely filed under the discovery rule. Colorado's rule for accrual of claims states:

> A cause of action for losses or damages not otherwise enumerated in this article shall be deemed to accrue when the injury, loss, damage, or conduct giving rise to the cause of action is discovered or should have been discovered by the exercise of reasonable diligence.

Colo. Rev. Stat. § 13–80–108(8).

In the context of an unjust enrichment claim, the claim "accrues 'when a person discovers, or through the exercise of reasonable diligence should discover, that all elements of the claim are present." *Sterenbuch v. Goss,* 266 P.3d 428, 431 (Colo. App. 2011). "A party claiming unjust enrichment must prove that: (1) the defendant received a benefit, (2) at the plaintiff's expense, (3) under circumstances that would make it unjust for the defendant to retain the benefit without commensurate compensation." *Id*. In this case, the injury or conduct giving rise to the unjust enrichment claim occurred, at the earliest, when Defendants defaulted on the loan.  Only at that point was it unjust for them to retain the benefit of the loan.  *See, e.g., Vila v. Inter-American Investment Corp.*, 536 F. Supp. 2d 41, 51 (D.D.C. 2008) ("For purposes of determining when his cause of action accrued, the Court must determine when that enrichment became unjust; that is, when the defendant allegedly committed the wrongful act of refusing payment.")  Since the initial default occurred on May 15, 2010 and this case was filed in 2011, the claim is timely even if the three-year statute of limitations applies.

I also find, however, that the six-year, rather than the three-year, statute of limitations applies.  This issue was addressed in *Interbank Investments, L.L.C. v. Vail Valley Consolidated Water Dist.*, 12 P.3d 1224 (Colo. App. 2000) ["*Interstate Investments I*"], a case where both breach of contract and unjust enrichment claims were asserted.  The *Interstate Investments I* court initially noted that "unjust enrichment claims, being equitable in nature, . . . are technically subject to an equitable  laches rather than a legal statute of limitations", but found that "[a]bsent extraordinary circumstances, . . . a court 'will usually grant or withhold relief in analogy to the statute

of limitations relating to actions at law of like character." *Id.* at 1229-30; *see also Robinson v. Colo. State Lottery Div.*, 179 P.3d 998, 1007 (Colo. 2008) ("Because an unjust enrichment claim can be predicated on either tort or contract, we apply the same case-by-case analysis to an unjust enrichment claim as we have done with other claims, assessing the nature of the injury and the relief requested.").

*Interstate Investments I* then analyzed whether the claims were governed by the limitations period for contract (three years) or debt (six years), and found that this "depends upon whether defendants' obligation to plaintiff qualifies as either 'a liquidated debt or unliquidated, determinable amount of money due' for purposes of § 13-80-103.5(a)(1)." *Id.* (quotation omitted). If it does so qualify, "then the six-year debt limitations period applies." *Id.* The *Interbank Investments* court found that the six-year limitations period applied in that case because "the method for determining the amount due to the plaintiff was set forth in the agreements." *Id.* It further stated:

> The nature of the defendants' obligation is money owed, and the terms of each agreement contain the provisions for determining the amount owed. Therefore, while the defendants may contest what the "direct" or "actual" costs are, the agreements provide that those costs are the amount of debt owed to the plaintiff. In our view, this makes the debt sufficiently "determinable" for purposes of invoking § 13-80-103.5(1)(a) as the applicable statute of limitations provision.

*Id.* at 1230.

Here, as in *Interbank Investments I*, the promissory note set forth a method for determining the amount due to the trust. Accordingly, I find for purposes of both the breach of contract and unjust enrichment claim that the amount is either liquidated or determinable for purposes of the statute of limitations, and that the six-year limitations

period applies.  *See also BMGI Corp. v. Kirzhner*, 11-cv-00599-LTB-MEH, 2011 WL 6258481, at *6 (D. Colo. Dec. 15, 2011) (unpublished).

        b. <u>Whether the Unjust Enrichment Claim is Barred by the Express Contract</u>

  I now turn to whether the alleged agreement between the Trust and Defendants bars a claim for unjust enrichment against them.  Defendants argue that since the parties entered into an enforceable Note that provides the available remedies to which the Trust is entitled, Plaintiff's unjust enrichment claim against IPC and WPDC is barred as a matter of law. The Trust argues in response that it is entitled to plead unjust enrichment in the alternative to its breach of contract claim against IPC, as pled in the First Amended Complaint.  Accordingly, the Trust agues that this portion of the motion is moot.

  I first deny this portion of the motion to dismiss as to WPDC.  IPC is the only party to the express contract with the Trust, *i.e.*, the Note.  (Am. Compl., Ex. 3.) Accordingly, Defendant's assertion that the agreement bars the unjust enrichment claims is not applicable as to Defendant WPDC.

  As to Defendant IPC, I find that the Trust may plead unjust enrichment in the alternative to the breach of contract claim at this stage of the litigation, but will have to choose which claim to pursue at a later date.  The Tenth Circuit has held that an unjust enrichment claim "is a remedy designed for circumstances in which other remedies are unavailable."  *West Ridge Group, LLC v. First Trust Co. of Onaga*, No. 09-1358, 2011 WL 635567, at *7 (10th Cir. Feb. 23, 2011) (unpublished).  "As such, it is not available

as a mere alternative legal theory when the subject is covered by an express contract." *Id.* The Tenth Circuit in *West Ridge Group* relied on *Interbank Investments, LLC v. Eagle River Water & San. Dist.*, 77 P.3d 814 (Colo. App. 2003) [*Interstate Investments II*], in support of its holding.

In *Interstate Investments II*, the Colorado Court of Appeals "adhere[d] to the previous Colorado cases holding that an express contract precludes a quasi-contract on the same subject", and thus rejected the plaintiff's argument that he could elect alternatively between breach of express contract and unjust enrichment. 77 P.3d at 816. However, the court noted two exceptions to this limitation: first, "a party can recover on a quasi-contract when the implied-in-law contract covers conduct outside the express contract or matters arising subsequent to the express contract" and second, "a party can recover on a quasi-contract when the party 'will have no right under an enforceable contract.'" *Id.* (quotation omitted)

In the case at hand, I find that one of the exceptions to the rule against allowing both an unjust enrichment and breach of contract claim to proceed applies; namely, the Trust may have no enforceable rights against IPC in connection with the Note. That is because Defendants claim in their Response to Plaintiff's Motion for Summary Judgment that the contract is not enforceable because Defendants were fraudulently inducted into entering it. (*See* ECF No. 21 at 2, 19-20.) If IPC is successful on that issue, the Note will be unenforceable. Accordingly, I find that the Trust's decision in the Amended Complaint to plead the breach of contract and unjust enrichment claims in the alternative is appropriate at this stage in the litigation. *See Bachus v. Apishapa Land*

*and Cattle Co.*, 615 P.2d 42, (Colo. App. 1980) ("finding that plaintiff could "proceed alternatively on his claim for unjust enrichment" in addition to breach of contract claim, since if the plaintiff's claim for assignment fails, he would have no right under an enforceable contract and may be able to recover for unjust enrichment); *see also Clyne v. Walters*, No. 08-cv-01646-MSK-CBS, 2009 WL 2982842, at *3 (D. Colo. 2009).

Defendants also argue that the unjust enrichment claim should be denied as to Defendant IPC because IPC was not enriched in any way.  Defendants argue that this claim is barred because there was no transfer of proceeds in this case, *i.e.*, IPC has not received any money or benefit under the Note.  Indeed, the Complaint alleges that IPC promised under the Note to pay the Trust $1,000,000 to purchase the Property in two years.  (*See* Am. Compl. ¶ 13.)  Defendants also argue that the Trust may claim IPC received some benefit from the Property.  However, Plaintiff plainly alleges that "the Trust deeded the Property to WPDC, not to IPC."  (*Id.* ¶ 14.)  As IPC never owned the Property or held title to the Property, IPC never received any benefit from the Property.  As a result, Defendants argue that Plaintiff's claim for unjust enrichment fails.

I find that the Motion to Dismiss should also be denied as to this argument.  The Trust argues that IPC and WPDC were both unjustly enriched when WPDC took ownership of the Trust's property without paying the agreed consideration for it, which included the Note due May 14, 2010.  That is because IPC, as owner of WPDC, benefitted from WPDC's receipt of the real property at issue without the promised consideration and also avoided paying the Note that IPC had promised to pay.  Indeed, the Complaint alleges in that regard:

> Upon information and belief, IPC has been unjustly enriched by the proceeds of, and failure to pay accrued interest on, the Notice provided to IPC by the Trust in the amount of $1,233,600, which IPC failed to pay when due. . . . IPC has been further enriched by WPDC's acquisition of title to the Property without payment of the full consideration in that IPC owns WPDC.

(Am. Compl. ¶ 43.) I must accept as true the Trust's allegations at this juncture, and find that the Trust has adequately pled find IPC was unjustly enriched.

### III. CONCLUSION

Based upon the foregoing, it is

ORDERED that Defendant Inland Pacific Colorado, LLC and Westminster Promenade Development Company II, LLC's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1) and F.R.C.P. 12(b)(6) filed February 9, 2012 (ECF No. 22) is **DENIED AS MOOT** as to the argument that the case should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction and **DENIED ON THE MERITS** as to the arguments that the unjust enrichment claim should be dismissed under Rule 12(b)(6).

Dated:  June 14, 2012

                               BY THE COURT:

                               s/ Wiley Y. Daniel
                               Wiley Y. Daniel
                               Chief United States District Judge