IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03333-WYD-KLM

THE ROBERT W. THOMAS AND ANNE MCDONALD THOMAS REVOCABLE TRUST,
trust domiciled in the State of Washington,

        Plaintiff and Counter Defendant,

v.

FIRST WESTERN TRUST BANK, a Colorado company, and
TIMOTHY O'BYRNE,

        Defendants;

INLAND PACIFIC COLORADO, LLC, a Nevada limited liability company, and
WESTMINSTER PROMENADE DEVELOPMENT COMPANY II, LLC, a Nevada limited
liability company,

        Defendants and Counterclaimants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

        This matter is before the Court on **Defendants' Motion to Stay Discovery with

Respect to Fraudulent Transfer Claim** [Docket No. 64; Filed June 18, 2012]; **Plaintiff's

Motion to Compel Production of Documents** [Docket No. 68; Filed June 29, 2012]; and

the **Stipulated Motion to Extend Discovery and Vacate and Reschedule Pretrial

Conference** [Docket No. 77; Filed August 3, 2012] (collectively, the "Motions").   The

Motions are referred to this Court for resolution [## 67, 70, 78].   For the reasons stated

below, the Court **DENIES** Defendants' Motion to Stay [#64], **DENIES WITHOUT

PREJUDICE** Plaintiff's Motion to Compel [#68], and **GRANTS** the Stipulated Motion to

Extend Discovery [#77].

## I. Background

Plaintiff initiated this action on December 20, 2011, pursuant to the Court's diversity jurisdiction.  *See* [#1].   The operative pleading is the First Amended Complaint for Reformation of Deed of Trust and Enforcement and Collection of Promissory Note, filed March 26, 2012 [#40].   Plaintiff brings seven claims, as follows: 1) breach of note obligations; 2) unjust enrichment (as an alternative to the first claim); 3) reformation of the deed of trust; 4) violation of Colorado's Uniform Fraudulent Transfer Act ("CUFTA"); 5) negligent misrepresentation; 6) promissory estoppel; and 7) tortious interference with contract.  *See id.*

Plaintiff filed a Motion for Summary Judgment on January 11, 2012 [#12], which was not mooted by the First Amended Complaint and remains pending before the District Judge.  *See* [#46].   Also pending before the District Judge are Defendant Timothy O'Byrne's Partial Motion to Dismiss Pursuant to F.R.C.P. [sic] 12(b)(6) [#56] and Defendant Inland Pacific Colorado, LLC's ("IPC") Motion for Partial Judgment on the Pleadings [#58]. Defendant O'Byrne asks the Court to dismiss Plaintiff's claims alleging a violation of CUFTA (concerning the alleged fraudulent transfer), negligent misrepresentation, and promissory estoppel.  *See* [#56] at 1.  Defendant O'Byrne contends that Plaintiff failed to meet the pleading requirement of Fed. R. Civ. P. 9(b).[1]  *Id.* at 2.  Similarly, Defendant IPC asks the Court for judgment in its favor as to the fraudulent transfer claim brought pursuant to CUFTA, and also argues that Plaintiff failed to meet Rule 9(b)'s pleading requirements. *See* [#48] at 1-2.

---

[1] Rule 9(b) requires that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

Defendants additionally submitted Answers to the First Amended Complaint. *See* [#47] (IPC and WPDC), [#57] (O'Byrne). With their Answer, Defendants IPC and WPDC bring eight counterclaims against Plaintiff: 1) for a declaratory judgment regarding a joint venture agreement; 2) breach of oral contract; 3) intentional interference with contractual relations; 4) breach of duty of good faith and fair dealing; [misnumbered]; 6) breach of forbearance agreement; 7) promissory estoppel; 8) fraud in the inducement; and 9) for a declaratory judgment regarding a spurious lien. *See* [#47]; *see also* [#20]. Plaintiff filed an Answer to the counterclaims [#38].

In the instant Motion, Defendants IPC, O'Byrne, and Westminster Promenade Development Company II, LLC ("WPDC") (collectively, "Defendants") ask the Court to stay their obligation to respond to certain discovery requests propounded by Plaintiff which relate to the fraudulent transfer claim, pending resolution of the motion to dismiss and motion for judgment on the pleadings. [#64] at 3. Specifically, Defendants request a stay as to Plaintiff's Requests for Production Nos. 1, 2, 3, 4, 5, 8, 9, and 10. *See* [#64-1]. Defendants believe that these Requests reflect a fishing expedition by Plaintiff, and that Plaintiff is abusing the discovery process to bolster its allegedly inadequate pleading. [#64] at 3. Defendants assert that Plaintiff is using the discovery process "to uncover some alleged unknown wrong," which is not permitted by Rule 9(b). *Id.* at 4. In the alternative, Defendants suggest that a stay of discovery as to the fraudulent transfer claim is appropriate on the basis of their two pending dispositive motions. *Id.* at 5.

Plaintiff objects to the relief requested. *See* [#73]. Plaintiff asserts that the discovery requested is also relevant to the claim for tortious interference, which is not at issue in Defendants' two pending dispositive motions. *Id.* at 5, 7. Further, Plaintiff contends that the Requests for Production are relevant to Defendants' counterclaims. *Id.*

at 7-8.   Plaintiff believes that the requested financial records will demonstrate that Defendants IPC and O'Byrne indeed believed that payment on the Note in dispute was due; Plaintiff suggests that the financial records will show the actual financial activity of Defendants, which Plaintiff expects will indicate that IPC and O'Byrne were moving funds out of IPC, and that no Defendant believed that the Note was negated by a prior oral joint venture agreement.   *Id.* at 8.

## II. Defendants' Motion to Stay

Courts in this District have long noted that the Federal Rules of Civil Procedure do not explicitly provide for a stay of *proceedings* in a lawsuit. *String Cheese Incident, LLC v. Stylus Shows, Inc.,* No. 02-cv-01934-LTB-PAC, 2006 WL 894955 (D. Colo. Mar. 30, 2006). However, the Court has construed Fed. R. Civ. P. 26(c) to permit a stay of *discovery* "for good cause, to protect a party from undue burden or expense," especially when dispositive motions are pending.   *Id.*   The party who seeks a stay of discovery has the burden of demonstrating good cause, and "cannot sustain that burden by offering simply conclusory statements."   *Tr. of Springs Transit Co. Emp.'s Ret. & Disability Plan v. City of Colorado Springs,* No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *4 (D. Colo. May 11, 2010). Generally, the Court requires a "particular and specific demonstration of fact" in support of a request for a stay.   *Id.*; *see also Christou v. Beatport, LLC*, No. 10-cv-02912-CMA-KMT, 2011 WL 650377, at *1 (D. Colo. Feb. 10, 2011).

In the context of ruling on a motion to stay, the Tenth Circuit Court of Appeals stated almost thirty years ago that "the right to proceed in court should not be denied except under the most extreme circumstances."   *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.,* 713 F.2d 1477, 1484 (10th Cir. 1983).   Hence, it has long been recognized that stays are generally disfavored in this district, although the decision to grant

4

or deny them invokes the discretion of the Court under the circumstances at issue.  *See, e.g., id.*

Precedent amply demonstrates that the Court has broad discretion to stay an action when a dispositive motion is pending.  *String Cheese Incident, LLC,* 2006 WL 894955 at *2 (finding that a thirty-day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending).  Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8 Charles Allen Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.,* 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Nankivil v. Lockheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D. Fla. 2003) (holding that a stay is appropriate if "resolution of a preliminary motion may dispose of the entire action").

Finally, the factors to be applied by the Court in determining the propriety of a stay are: (1) Plaintiffs' interests in proceeding expeditiously with the action and the potential prejudice to Plaintiffs resulting from a delay; (2) the burden on the Defendants; (3) the convenience to the Court; (4) the interests of persons not parties to the litigation; and (5) the public interest.  *String Cheese Incident, LLC*, 2006 WL 894955 at *2.

Here, both sides contend that the *String Cheese* factors weigh in favor of their respective positions, and both sides present ample arguments about the merits of the claims and counterclaims.  The Court declines to speculate as to the merits of the case in making the instant determination, however.  For the reasons stated below, the Court finds

that the *String Cheese* factors weigh in favor of denying Defendants' request for a stay of discovery as to certain of Plaintiff's Requests for Production.

### 1. Plaintiff's Interests

Defendants contend that Plaintiff would not suffer prejudice from a delay in discovery, as the "case has been proceeding expeditiously." [#64] at 6.  Further, if Plaintiff prevails on its breach of promissory note claim, Defendants suggest that Plaintiff could recover interest, costs, and attorneys' fees, thus a delay would be beneficial.  *Id.*; *see also* [#75] at 6.  Defendants aver that "[a]ny alleged delay or extension of the discovery cut-off is a result of the Plaintiff's decision to add additional claims and parties."  [#75] at 6.

Plaintiff asserts prejudice arising from the delay that has allegedly resulted from Defendants' withholding of responsive discovery. [#73] at 9.  Plaintiff further contends that the imposition of a stay as to the fraudulent transfer claim could result in the duplication of depositions, should the two pending dispositive motions be denied.  *Id.* at 10.  Plaintiff reiterates its position that the requested discovery is relevant to the other claims and counterclaims that remain pending in this case.  *Id.*

This litigation does not differ substantially from other civil litigation.  Plaintiff's interests in proceeding with the lawsuit are manifest, as are Defendants' interests in avoiding or delaying it.  Here, staying discovery would further delay the resolution of Plaintiff's claims and Defendants' counterclaims in an already-aging case.  In any event, the dispositive motions are not fully dispositive of the matter, and the imposition of a stay could result in a disjointed and duplicative discovery process.  This factor weighs against the imposition of a stay.

### 2. Defendants' Burden

This issue concerns whether Defendants will be unfairly burdened if discovery as to the identified Requests for Production propounded by Plaintiff proceeds before rulings are issued on the pending dispositive motions. *See, e.g., String Cheese Incident, LLC*, 2006 WL 894955 at *2 ("defendants, however, also would undoubtedly be prejudiced if they were forced to engage in discovery if the court eventually granted their motion to dismiss"). The Court is not inclined to prejudge the merits of the pending dispositive motions. If the pending dispositive motions could fully resolve the case, the Court might agree with Defendants that proceeding with discovery could be wasteful, should the motions be granted. However, as described above, the pending dispositive motions only affect the case in part, and Plaintiff's argument that the requested discovery is also relevant to the other claims and counterclaims remaining at issue is persuasive. Thus, this factor weighs against the imposition of a stay.

### 3. Convenience to the Court

Entry of a stay may cause significant delay of the resolution of this matter, which in turn makes the Court's docket less predictable and less manageable. Again, a partial stay of discovery during the pendency of dispositive motions that, if granted, would only partially resolve the matter would likely result in a disjointed and duplicative discovery process. This factor weighs against the entry of a stay.

### 4. Interest of Non-Parties

The Court finds that this factor does not weigh in favor of or against imposition of a stay, as it is impossible to predict the effect of a stay on any non-parties at this time.

**5.  The Public Interest**

The public interest at stake here is the same interest underlying all lawsuits: that they be resolved as fairly and quickly as possible.  In light of the issues outlined above, the Court finds that considerations of fairness and timeliness will not be advanced by imposition of a stay.  Hence, this factor weighs against entry of a stay.

The strong presumption against stays, as well as application of the *String Cheese* factors, results in the conclusion that an imposition of a stay of discovery is not justified in this case.  Accordingly,

IT IS HEREBY **ORDERED** that **Defendants' Motion to Stay Discovery with Respect to Fraudulent Transfer Claim** [#64] is **DENIED**.

### III.  Plaintiff's Motion to Compel

Plaintiff's Motion to Compel concerns the Requests for Production that Defendants referred to in their Motion to Stay; namely, Requests for Production Nos. 2-6 directed to Defendants IPC and WPDC, and Requests for Production Nos. 2-3, 6-7, and 15 directed to Defendant O'Byrne.  [#68] at 4 n.5.  Plaintiff correctly states that counsel for the parties contacted the Court regarding the Motion to Stay, and the Court's clerk conveyed to the parties that absent a Court order, the proceedings were not stayed.  *Id.* at 3.  However, Plaintiff's counsel incorrectly assumes that the call, which solely concerned the request for a stay, also satisfied counsel's obligations to comply with the undersigned's discovery procedure as to the content of the Motion to Compel.  Accordingly,

IT IS FURTHER **ORDERED** that **Plaintiff's Motion to Compel Production of Documents** [#68] is **DENIED WITHOUT PREJUDICE**.

IT IS FURTHER **ORDERED** that no party may file a contested discovery motion until

after complying with the steps for following the undersigned's discovery dispute procedure, as memorialized in the Scheduling Order [#33], and as stated below:

*Step 1*: Counsel meaningfully confer regarding one or more discovery disputes pursuant to Local Rule 7.1A. Counsel may choose to confer about only one dispute at a time or several disputes at once. This decision is up to counsel, not the Court.

*Step 2*: If discovery disputes are not resolved, counsel then agree on a mutually convenient time to call the Court at (303) 335-2770 for a discovery hearing regarding all disputes about which they have fully conferred but failed to reach agreement.

No attorney can insist on contacting the Court for a discovery hearing at a time when another attorney is not available. If an attorney is not available for a conference call to the Court for a discovery hearing when contacted by opposing counsel, s/he must provide opposing counsel with alternate dates and times to contact the Court. This eliminates the possibility that one party will have an unfair advantage over another in preparation for a discovery hearing.

The Court is not responsible for assuring that multiple counsel for the same party are on the line for a telephone hearing. The Court requires only one attorney of record on the line for each party involved in the dispute. If counsel for a party want co-counsel for the same party to participate in the telephone hearing, they are responsible for ensuring that co-counsel are available to participate on the date and time chosen by them for the hearing.

The Court will not continue hearings based on the sudden unavailability of co-counsel for a party. As long as each party involved in the dispute is represented by at least one attorney of record, the hearing will proceed.

*Step 3*: When counsel call the Court for the discovery hearing, the judge's law clerks will ask counsel questions relating to the nature of the dispute. The law clerks will consult with the judge as necessary. If the judge determines that any documents are required for review prior to the hearing, counsel will be instructed to email such documents to the Court's chambers, and the hearing will be set at a mutually convenient date and time in the future.

*Step 4*: If no documents are necessary for review and the judge is immediately available, the call will be transferred to the courtroom and the hearing will be conducted. If the judge determines that the matter is complex and briefing is required, the judge will set a briefing schedule. If the judge is not immediately available, the hearing will be set at a mutually convenient date and time in the future.

## IV.  The Stipulated Motion to Extend

IT IS FURTHER **ORDERED** that the **Stipulated Motion to Extend Discovery and Vacate and Reschedule Pretrial Conference** [#77] is **GRANTED**.  The Scheduling Order entered March 1, 2012 [#33] and amended on May 21, 2012 [#55] is further modified as follows:

- Deadline to serve written discovery **September 24, 2012**
- Affirmative expert witness disclosures **August 31, 2012**
- Rebuttal expert witness disclosures **September 14, 2012**
- Discovery cut-off **October 31, 2012**
- Dispositive motion deadline **October 31, 2012**

IT IS FURTHER **ORDERED** that the Final Pretrial Conference set for October 16, 2012, is **VACATED** and **RESET** to **January 15, 2013**, at **10:30 a.m.** in Courtroom C-204, Second Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.

IT IS FURTHER **ORDERED** that the proposed pretrial order shall be submitted on or before **January 10, 2013**.  The proposed pretrial order to be submitted to the Magistrate Judge under the ECF Procedures may be submitted in WordPerfect or pdf format and shall be emailed to the Magistrate Judge at *Mix_Chambers@cod.uscourts.gov*.

Attorneys and/or pro se parties not participating in ECF shall submit their proposed pretrial order on paper to the Clerk's Office.  However, if any party in this case is participating in ECF, it is the responsibility of that party to submit the proposed pretrial order pursuant to the District of Colorado ECF Procedures.  The parties shall prepare the proposed pretrial order in accordance with the form which may be downloaded from the Forms section of the court's website at http://www.cod.uscourts.gov/Home.aspx.

10

Dated:  August 14, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge