IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03333-WYD-KLM

THE ROBERT W. THOMAS AND ANNE MCDONALD THOMAS REVOCABLE TRUST, trust domiciled in the State of Washington,

    Plaintiff and Counter Defendant,

v.

FIRST WESTERN TRUST BANK, a Colorado company, and
TIMOTHY O'BYRNE,

    Defendants;

INLAND PACIFIC COLORADO, LLC, a Nevada limited liability company, and
WESTMINSTER PROMENADE DEVELOPMENT COMPANY II, LLC, a Nevada limited liability company,

    Defendants and Counterclaimants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Declaration of Tyler L. Farmer Regarding Expenses Incurred in Bringing Plaintiff's Motion to Compel** [Docket No. 90; Filed October 29, 2012] (the "Declaration"). Defendants Inland Pacific Colorado, LLC, Westminster Promenade Development Company II, LLC and Timothy O'Byrne (collectively "Defendants") have filed a **Response in Opposition** [#92; Filed November 6, 2012] ("Response"). No reply was permitted. *See* [#88].

**I.   BACKGROUND**

On October 17, 2012, the Court held a telephonic hearing regarding a discovery

dispute between Plaintiff and Defendants over Defendant Timothy O'Byrne's financial records. [#86]. After hearing argument from both sides, the Court stated that it was inclined to grant the oral motion to compel discovery responses and award fees. Before doing so, however, the Court directed the parties to submit Plaintiff's requests for production, Defendant O'Byrne's responses and the privilege log for its review, which they did. [#86]. The Court then explained that absent a notice from the parties within five days of the hearing that they had resolved the issue, it would issue a written order on the motion to compel. *Id.*

On October 22, 2012, Defendants filed a Notice Regarding Telephonic Discovery Hearing [#87] stating that they had resolved the discovery dispute and that they had provided all the documents discussed during the hearing. Based on the Notice, the Court issued a Minute Order [#88] stating that while the dispute over the documents had been resolved, the Notice reflects that the issue of attorneys' fees had not. The Minute Order further stated that "[a]fter reviewing the information provided at the hearing and the materials submitted thereafter, the Court finds that pursuant to Fed. R. Civ. P. 37(a)(5)(A), Plaintiff is entitled to the reasonable expenses it incurred in bringing the motion." [#88]. The Court then ordered Plaintiff to "file affidavits and information in compliance with D.C.COLO.LCivR 54.3 regarding the reasonable expenses incurred in bringing the motion to compel." *Id.* The Court did not require a motion seeking fees because it already determined Plaintiff was entitled to its reasonable fees. *See id.*

**II.     ANALYSIS**

The Declaration submitted by Plaintiff's counsel seeks $3,111.50 in fees in connection with the motion to compel. [#90] at 4. Defendants argue in the Response that

Plaintiff is not entitled to fees under Fed. R. Civ. P. 37(a)(5)(A)(ii) because Defendant O'Byrne's objections were substantially justified. [#92] at 4-6. Alternatively, they argue that Plaintiff's failure to comply with D.C.COLO.LCivR 54.3 precludes an award of fees. *Id.* at 6-7. Because the Court already determined Plaintiff was entitled to its reasonable fees, Defendants' first argument is without merit. As to the second argument, however, the Court agrees that Plaintiff's Declaration fails to comply with D.C.COLO.LCivR 54.3.

D.C.COLO.LCivR 54.3.B provides that a motion for fees "shall include the following for each person for whom fees are claimed:

1. a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed; and

2. A summary of relevant qualifications and experience."

To determine a reasonable fee award, the Court must conduct a lodestar calculation as set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2002). A lodestar calculation requires multiplying the number of attorney hours expended to resolve an issue or perform a task by a reasonable hourly billing rate. *Hensley*, 641 U.S. at 433. To determine the number of hours expended, the Court reviews counsel's billing entries to ensure that counsel exercised proper billing judgment. *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) (internal quotation marks omitted). Once the Court determines the lodestar, it may "adjust the lodestar upward or downward to account for the particularities" of the work performed. *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997).

"Billing judgment consists of winnowing the hours actually expended down to the

hours reasonably expended." *Case*, 157 F.3d at 1250.  "In determining what is a reasonable time in which to perform a given task," an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) "the potential duplication of services" caused by the presence of multiple attorneys when one would suffice.  *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983) (*overruled on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987)).  The burden is on the party requesting fees to prove that its counsel exercised proper billing judgment.  *Case*, 157 F.3d at 1250 ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.").

Here, Plaintiff fails to provide the required detailed information for the Court to make a determination regarding the reasonableness of the requested fees.  *See* [#90] at 4.  The Declaration identifies a paralegal, associate and partner but provides only the total time expended by each along with their respective billing rates.  *Id.*  It provides no description of the work performed or the time expended on each task.  *Id.*  Nor does the Declaration explain the relevant qualifications and experience of the three individuals who worked on the matter.  *Id.*

The Court's Minute Order [#88] clearly directed Plaintiff to provide the detailed information required by D.C.COLO.LCivR 54.3.  Plaintiff having failed to provide that information, the Court will not speculate as to whether the requested fees are reasonable.

4

Accordingly,

    IT IS HEREBY **ORDERED** that Plaintiff is awarded no attorneys' fees in connection with its oral motion to compel.

    Dated: November 13, 2012

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge