IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  11-cv-03333-WYD-KLM

THE ROBERT W. THOMAS AND ANNE MCDONALD THOMAS REVOCABLE TRUST, Trust Domiciled in the State of Washington,

    Plaintiff,

v.

INLAND PACIFIC COLORADO, LLC, a Nevada limited liability company; WESTMINSTER PROMENADE DEVELOPMENT COMPANY II, LLC, a Nevada limited liability company, and TIMOTHY O'BYRNE, resident of Colorado.

    Defendants.

---

**ORDER**

---

This matter is before the Court on Defendants' Suggestion of Bankruptcy and Request for Order Confirming the Automatic Stay Provisions of 11 U.S.C. § 362 filed December 7, 2012.  This document states that on December 6, 2012, Defendant Inland Pacific Colorado, LLC ["IPC"] filed for relief pursuant to Chapter 11 of the Bankruptcy Code in the United States District Court for the District of Nevada, Case No. 12-23436-lbr ("Bankruptcy Case").  The Notice of Chapter 11 Bankruptcy Filing is attached to the Suggestion of Bankruptcy as Exhibit A.

As a result of the Bankruptcy Case, Defendants assert that all proceedings in this action, including not only those as to IPC but also as to Timothy O'Byrne ["O'Byrne"] and Westminster Promenade Development Company II, LLC ["WPDC"], should be stayed pursuant to 11 U.S.C. § 362.  Plaintiff the Robert W. Thomas and Anne

McDonald Thomas Revocable Trust ["the Trust"] filed an Opposition to Defendants' Proposed Order Regarding Automatic Stay Provisions of 11 U.S.C. § 362 on December 14, 2012, and a Supplemental Memorandum Regarding the Discovery Deadline in Response to Defendants' December 7, 2012 Suggestion of Bankruptcy on December 21, 2012. Defendants filed a Reply in Support of its Suggestion of Bankruptcy and Request for Order Confirming the Automatic Stay Provisions of 11 U.S.C. § 362 on December 28, 2012.

Turning to my analysis, "§ 362 of the Bankruptcy Code automatically stays the commencement or continuation of a judicial proceeding against the debtor that was or could have been initiated before the filing of bankruptcy petition." *TW Telecom Holdings, Inc. v. Carolina Internet Ltd.*, 661 F.3d 495, 496 (10th Cir. 2011). In light of the bankruptcy petition filed by IPC, all proceedings in this case are stayed as to IPC. I also must decide, however, whether the claims asserted against IPC's co-defendants WPDC and O'Byrne implicate the bankruptcy proceedings against IPC in a manner that suggests the automatic stay should be extended to them. In order to decide that issue, I first address the claims pending against them.

As to WPDC, the Trust asserts that it "has been unjustly enriched by the transfer to it, and its current ownership of,. . . Property [from IPC] without payment of the Note obligation (principal and interest) when due. . . ." (Am. Compl. ¶¶ 43 and 44.) It further alleges that "[i]t would be unjust and inequitable to allow. . . WPDC to retain the benefits of the Note and of ownership of the Property without full, timely payment of the balance due under the Note. . . ." (*Id.*)

Defendant O'Byrne is alleged to be a "member" of and the President of IPC and to have "de facto control of IPC and WPDC."  (Am. Compl. ¶¶ 5, 9.)  He is sued for violation of Colorado's Uniform Fraudulent Transfer Act ["CUFTA"] in transferring approximately $32 million in proceeds from the sale of a hotel asset in 2007 "out of IPC for the benefit of O'Byrne and/or other enterprises in which O'Byrne had an interest for no, or grossly inadequate, consideration and with the actual intent to hinder, delay, and/or defraud IPC's creditors including the Trust and with the actual result of rendering IPC unable to pay its debts."  (*Id.* ¶ 51.)  He is also sued for negligent misrepresentation and promissory estoppel related to his representations that IPC had, and would continue to have, significant assets from the proceeds of the hotel sale sufficient to enable IPC to meet its obligations under the promissory note at issue in the case.  (*Id.* ¶¶ 54-60.)  Finally, O'Byrne is sued for tortious interference with contract–that ". . . O'Byrne intentionally induced IPC not to perform on its contractual relationship with the Trust by transferring funds out of IPC with the actual intent to hinder, delay, and/or prevent IPC from performing its obligation to pay the Note when due, and to otherwise defraud IPC's creditors, including the Trust."  (*Id.* ¶ 69.)

Turning to WPDC and O'Byrne, I note that the protection of the automatic stay provision generally extends only to "stay proceedings 'against the debtor'", not to "solvent co-defendants of the debtor."  *Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1330 (10th Cir. 1984).  There is, however, a "narrow exception" that allows an automatic stay to be imposed against a solvent nonbankrupt party in "'unusual situations' as 'when there is such identity between the debtor and the third-party

defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'" *Okla. Federated Gold and Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 141 (10th Cir. 1994) (citing *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986)).

The Fourth Circuit in *A.H. Robins* stated that an illustration of that situation "would be a suit against a third-party who is entitled to absolute immunity by the debtor on account of any judgment that might result against them in the case." 788 F.2d at 999. It held that the stay should be extended to the third-party because, in those unusual circumstances, the "debtor and [the third party] nondebtor are so bound by statute or contract that the liability of the [third party] nondebtor is imputed to the debtor by operation of law," and the result of the action against the third party "would be binding upon the debtor's estate." *Id.*

Defendants argue that this narrow exception is applicable here, as they assert that a judgment against O'Byrne finding that a fraudulent transfer occurred will in effect be a judgment against IPC that a fraudulent transfer occurred. The Trust denies that the exception applies here. It argues that this case presents only the common situation where the debtor is sued along with related entities, and an officer of the entities, over a series of events alleged to give rise to independent grounds for liability of each of them. The Trust further argues that the claims against the non-debtor Defendants are not predicated on IPC's liability on the Note but on other actions and statements by them.

I find that the narrow exception should be applied in this case to extend the stay to O'Byrne and WPDC. Several courts have held that the automatic stay can be

extended to the debtor's co-defendants if the continued litigation would impact the bankruptcy proceeding and/or the purposes of the automatic stay provision. This makes sense, as the purpose of the automatic stay provision "is to protect the debtor from an uncontrollable scramble for its assets in a number of uncoordinated proceedings in different courts, to preclude one creditor from pursuing a remedy to the disadvantage of other creditors, and to provide the debtor and its executives with a reasonable respite from protracted litigation, during which they may have an opportunity to formulate a plan of reorganization for the debtor." *A.H. Robins*, 788 F.2d at 998.

Consistent with this, the Tenth Circuit has indicated that the narrow exception may apply when it is necessary to further the policies underlying 11 U.S.C. § 362. *Mason v. Okla. Turnpike Auth.*, 115 F.3d 1442, 1450 (10th Cir. 1997), *overruled on other grounds*, *TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495 (10th Cir. 2011). Other courts have noted that the narrow exception may apply if the bankruptcy proceedings would be adversely impacted if the case is not stayed as to the debtor's codefendants or if the stay would contribute to the debtor's efforts to reorganize. *Matter of Zale Corp.*, 62 F.3d 746, 761 (5th Cir. 1995); *Teachers Ins. and Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) *In Re Xtra Petroleum Transport, Inc.*, 473 B.R. 430, 435 (Bankr. D. N.M. 2012).

In the case at hand, it appears that the claims asserted by Plaintiff against IPC's codefendants may adversely impact the bankruptcy proceeding and the assets of IPC and thus impact IPC's efforts at reorganization. This is most clear as to the claim under CUFTA against O'Byrne. Defendants point out that IPC's bankruptcy estate includes

four fraudulent transfer claims.  A claim that IPC's assets were fraudulently transferred by O'Byrne or others would appear to be a claim that should be resolved in the bankruptcy proceeding, as it is an asset of IPC.  If IPC is hindered in its ability to prosecute those claims and to use proceeds from the claims to satisfy all of its creditors because of a judgment in this case on the CUFTA claim, IPC's efforts to reorganize may be stifled.  Further, a finding that O'Byrne, the president of IPC, transferred assets out of the company could be found to be binding against IPC.

Similarly, the claim against WPDC, while not couched as a fraudulent transfer claim, also would appear to impact the fraudulent transfer claims in the bankruptcy proceeding as it alleges that WPDC was unjustly enriched by the transfer to it, and its current ownership of, property that previously belonged to IPC.  The CUFTA and unjust enrichment claims in this Court involve essentially the same facts and same witnesses as in the bankruptcy fraudulent transfer claims.  The witnesses will be identical, and the same documents and evidence will be used to prove each of the claims.  Allowing the Trust to pursue these claims would appear to frustrate the purposes of the automatic stay provision as it would subject IPC to a "scramble for its assets" in both this proceeding and the Bankruptcy Case and also allow the Trust to pursue its remedy to the disadvantage of other creditors.  *A.H. Robins*, 788 F.2d at 998.  Accordingly, I find that this case presents unusual circumstances whereby a stay of these proceedings should be extended to IPC's codefendants, WPDC and O'Byrne.

This case is thus stayed as to all Defendants pursuant to the automatic stay provisions of 11 U.S.C. § 362.  During the pendency of the stay, I find that the case

should be administratively closed pursuant to D.C.COLO.LCivR 41.2.  The Tenth Circuit has construed administrative closure as the practical equivalent of a stay.  *See Quinn v. CGR*, 828 F.2d 1463, 1465 and n. 2 (10th Cir. 1987).  The case may be reopened for good cause, which shall include a request to reopen because the Bankruptcy Case is resolved.  This ensures that the case does not remain pending for months or even years on this Court's docket while the Bankruptcy Case is conducted.

In light of the administrative closure, I also deny the pending motions without prejudice.  I note that these motions may be impacted by events that occur during the bankruptcy proceeding.  If this case is reopened, any motions that are refiled can be tailored to fit the facts existing at that time.

In conclusion, it is

ORDERED that this case is stayed as to all Defendants pursuant to the automatic stay provisions of 11 U.S.C. § 362.  During the pendency of the stay, it is

ORDERED that this case shall be **ADMINISTRATIVELY CLOSED**, subject to being reopened for good cause.  Good cause shall include resolution of the Bankruptcy Case and a lifting of the automatic stay.  Finally, it is

ORDERED that the pending motions in this case (ECF Nos. 56 and 58) are **DENIED WITHOUT PREJUDICE**.

Dated:  February 26, 2013

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge